# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

THOMAS H. SMOOT, III, as
Executor of the Estate of
Thomas H. Smoot, II,

     Plaintiff,

     v.

                                CV 213-040

DIANNE SMOOT,

     Defendant.

## ORDER

Presently before the Court is Plaintiff Thomas H. Smoot, III's ("Plaintiff") Motion for Reconsideration or, in the Alternative, Certification to the Supreme Court of Georgia. See Dkt. No. 83. Plaintiff requests that this Court reconsider its determination in Count II of its March 31, 2015 Order. Specifically, that Order concluded that Defendant Dianne Smoot ("Defendant") could not be held liable for her share of the tax liability on the proceeds of non-life insurance assets she received as a result of her ex-husband's ("the Testator") death. See Dkt. No. 79, pp. 27-30. Id. The Court held that the unambiguous terms of O.C.G.A. § 53-4-49 and the fact that Item

X—the provision in question[1]—failed to expressly contemplate liability in the occurrence of a divorce precluded Plaintiff's requested relief. Id.

Plaintiff argues that Item X implicitly contains a reference to divorce—by referencing a "surviving spouse"—and that that reference should buttress the Court's decision to reconsider its finding. Dkt. No. 83, pp. 2-4. Alternatively, Plaintiff requests that the Court certify three questions regarding O.C.G.A. § 53-4-49 to the Supreme Court of Georgia. Id. at pp. 4-7.[2] In response, Defendant sets forth the following

---

[1] In relevant part, Item X states:
>All transfer, estate, inheritance, succession and any other death taxes which shall become payable by reason of my death, other than any tax on any generation-skipping transfer and any additional estate tax imposed pursuant to Section 2032A(c) of the Internal Revenue Code of 1986, as amended, shall be charged against and paid by the recipient of such property or from the property to be received. However, there shall be no charge against the surviving spouse, if the spouse is a recipient of the property and the property qualifies for the marital deduction under Section 2056 of the Internal Revenue Code.

Dkt. No. 1, pp. 36-37.

[2] Plaintiff requests that the Court certify the following questions:
1. Where a provision in a will applies differently depending on an individual's marital relationship with the testator at the time of the testator's death, is that provision made in contemplation of the event of divorce for purposes of O.C.G.A. § 53-4-49?
2. Does O.C.G.A. § 53-4-49 apply to provisions of a will that are of general application (i.e., that are not uniquely applicable to an individual by virtue of his or her marital relationship to the testator at the time of death), or does it apply to only those provisions that pertain individually to the former spouse?
3. May O.C.G.A. § 53-4-49 be applied so as to benefit a former spouse, despite the statute's underlying policy rationale that a testator would not want the

arguments: 1) that Plaintiff seeks to avoid the unfavorable tax liability imposed upon him as a consequence of the Court's Order; and 2) that the Court correctly applied the unambiguous terms of O.C.G.A. § 53-4-49 to the instant fact pattern. Dkt. No. 84, pp. 4-12. The parties fully briefed the Motion. Dkt. Nos. 84, 86. Upon due consideration, Plaintiff's Motion is **DENIED** for the reasons set forth below.

The decision to grant a motion for reconsideration rests within the sound discretion of the district court. <u>Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.</u>, 225 F.3d 1208, 1216 (11th Cir. 2000). There are three main grounds that may justify reconsideration: (1) "an intervening change in controlling law," (2) "the availability of new evidence," and (3) "the need to correct clear error or prevent manifest injustice." <u>Estate of Pidcock ex rel. Pidcock v. Sunnyland Am., Inc.</u>, 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). A motion for reconsideration should not be used as a vehicle "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Nor does such a motion present an opportunity to instruct the Court on how it "'could have done it better' the

---

testator's former spouse to benefit from the testator's death?
<u>Id.</u> at pp. 1-2.

first time." Pres. Endangered Areas of Cobb's History, Inc. v.
U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga.
1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  In order to
prevail on a motion for reconsideration, the moving party must
set forth a strongly convincing justification to induce the
court to set aside its previous filings.  Sussman v. Salem,
Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

    Here, Plaintiff has not carried his burden of proving that
this case warrants reconsideration.  Plaintiff has not
demonstrated that any of the three primary grounds for
reconsideration are met in this case.  Indeed, Plaintiff has
failed to present an intervening change in the law or proffer
newly available evidence.  Instead, Plaintiff contends that a
"manifest injustice" would result if the Court permitted
Defendant to evade paying her share of taxes on the proceeds of
the non-life insurance assets that she received as a result of
the testator's death.  Dkt. No. 83, pp. 4-8.

    Plaintiff finds himself responsible for Defendant's portion
of taxes on her non-life insurance assets.  His liability
results from the failure to contemplate the event of divorce in
Item X of the Testator's will, which the Court recognized is
"perhaps an unintended result" between the Internal Revenue Code
and Georgia's probate laws.  Dkt. No. 79, p. 29.  But O.C.G.A. §
53-4-49 is clear: "[a]ll provisions of a will made prior to a

testator's final divorce or the annulment of the testator's marriage in which no provision is made in contemplation of such event shall take effect as if the former spouse had predeceased the testator . . ." Given that Item X does not "contemplate" a divorce—indeed, the word "divorce" never appears in the section—it follows that Defendant is treated as having "predeceased the testator." See O.C.G.A. § 53-4-49. Defendant therefore cannot be liable for "her share" of the taxes pursuant to the clear terms of both Item X and O.C.G.A. § 53-4-49. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 26TH day of January, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)